UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          CASE NO.  10-12247
   Plaintiff,          HON. LAWRENCE P. ZATKOFF

v.

ERIC L. WALDON,

   Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 3, 2011

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the Court's order for Defendant, *pro per*, to show cause as to (1) why he did not timely respond to Plaintiff's motion for summary judgment and (2) why Plaintiff's motion for summary judgment (dkt 7) should not be granted [dkt 14].  Defendant timely responded to the Court's show-cause order, and Plaintiff timely submitted a reply.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that Plaintiff's motion for summary judgment shall be resolved on the briefs submitted.  For the reasons set forth below, Plaintiff's motion for summary

judgment is GRANTED.

## II. BACKGROUND

This case involves Plaintiff's claim against Defendant for breach of contract pursuant to Defendant's alleged failure to pay monies owed on student loans. On May 15, 1996, Defendant signed a promissory note to borrow $14,626.00 for educational purposes pursuant to the Federal Family Educational Loan Program Consolidation Loan. This loan was insured by the United States Department of Education ("Department"). On June 1, 1997, Defendant defaulted on his loan obligation, and the Department ultimately reimbursed the note's guarantor in the amount of $15,475.00. The Department then took an assignment of the right to collect on the note in full. As a result of the unpaid principal balance and interest accruing at a rate of 8.00% per annum, Defendant owed $31,172.43 as of February 8, 2010. This account is supported by a copy of the promissory note bearing Defendant's signature and a certificate of indebtedness issued by the Department.

## III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot

produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

### A. Breach of Contract

"Under Michigan law, the elements of a breach of contract claim are: (1) the existence of a contract between the parties, (2) the terms of the contract require performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury." *Burton v. William Beaumont Hosp.*, 373 F.Supp.2d 707, 718 (E.D. Mich. 2005) (citing *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999)).

3

In this case, Plaintiff has produced a copy of a promissory note bearing Defendant's signature and a certificate of indebtedness from the Department. These documents show that Defendant contracted to borrow $14,626.00 at 8.00% interest per annum for educational purposes, that Defendant breached his obligations under the promissory note by failing to make the required payments, that Plaintiff reimbursed the note's guarantor in the amount of $15,475.00, and that Plaintiff was owed $31,172.43 as of February 8, 2010. The Court finds that this evidence satisfies Plaintiff's initial burden of demonstrating the absence of a genuine dispute as to a material fact with respect to Plaintiff's claim for breach of contract.

In his response to the Court's order to show cause, Defendant acknowledges that he failed to timely respond to Plaintiff's motion for summary judgment. While Defendant asserts that he is a "layman" and was not aware of the time requirements for motion practice, the Court finds that this explanation does not constitute good cause for failing to abide by the Federal Rules of Civil Procedure. Thus, the Court need not consider Defendant's untimely response, and Defendant has therefore failed to present a genuine dispute for trial.

**B. Defendant's Arguments**

Even assuming, *arguendo*, that Defendant's response to Plaintiff's motion was timely submitted, his arguments still fail to demonstrate the existence of a genuine dispute as to a material fact, such that a reasonable jury could find in his favor.

**1. Ineffective Service**

Defendant first argues that Plaintiff's complaint should be dismissed because he was never properly served with a summons and a copy of the complaint. The process server declared under penalty of perjury that he personally served Defendant with a copy of the summons and complaint

4

at 2296 Taylor, Detroit, MI, 48206 ("Taylor address") on July 7, 2010. Defendant, however, asserts that he has not resided at that address since 1999–2000, although he still has family members who reside there. According to Defendant, he has resided at 8023 St. Paul, Detroit, MI, 48214 ("St. Paul address") since 2004–2005, but his brother, who resides at the Taylor address, delivered a copy of the summons and complaint to Defendant by the "first part of July[,]" 2010. Defendant filed a motion to dismiss Plaintiff's complaint on July 21, 2010.

Federal Rule of Civil Procedure 4(e) provides that service upon an individual may be accomplished "pursuant to the law of the state in which the district court is located." Under Michigan law, "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." M.C.R. 2.105(J)(3). Thus, where a defendant receives actual notice through receipt of the summons and complaint, even if the method of service is in error, the cause of action may proceed. *See Hill v. Frawley*, 400 N.W.2d 328, 329 (Mich. Ct. App. 1986); *Bunner v. Blow-Rite Insulation*, 413 N.W.2d 474, 476 (Mich. Ct. App. 1987).

The complaint in this case was filed on June 8, 2010, and under Fed. R. Civ. P. 4(m), Plaintiff was required to serve Defendant within 120 days. Even if the method of service was improper as Defendants contends, it is clear that Plaintiff had actual notice through receipt of the summons and complaint within 120 days of June 8, 2010. Accordingly, Defendant is not entitled to a dismissal of this action.

### 2. Improper Venue

Defendant next asserts that venue is not proper in this district because he does not live at the Taylor address, where the process server left the summons and complaint. However, Defendant

5

acknowledges that he resides in the city of Detroit, which is within the judicial district of this Court. *See* 28 U.S.C. § 1391. Therefore, Defendant has failed to show that venue is improper.

### 3. Usury

Defendant next argues that summary judgment should not be granted in favor of Plaintiff because the balance on his loan amounts to usury. Defendant, however, has failed to identify any legal authority showing that interest at a rate of 8.00% per annum on student loans made under the Federal Family Educational Loan Program Consolidation Loan is usurious.

### 4. Loan Documents

Lastly, Defendant questions the validity of his loan documents. Defendant asserts that various terms and information on his promissory note were not filled out by him, and that terms were added after his signature that he did not agree to. However, Defendant does not contest that he signed the note, and upon the Court's review of the note, it is clear that immediately below the line for the borrower's signature, the borrower is notified that additional terms continue on the reverse side of the form. Thus, Defendant's claim that terms were added without his knowledge is not supported by the evidence. Therefore, Defendant has not identified any materials of record that would establish a genuine dispute for trial.

## V.  CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment [dkt 7] is GRANTED.

IT IS FURTHER ORDERED that summary judgment is granted in the amount of $31,172.43 as of February 8, 2010, plus pre-judgment interest at a rate of 8.00% per annum, plus filing costs of $350.00, with post-judgment interest to run on the unpaid principal balance pursuant to 28 U.S.C.

§ 1961 until the debt is paid in full.

    IT IS SO ORDERED.

|  |  |
|---|---|
|  | S/Lawrence P. Zatkoff |
| Date: June 3, 2011 | HON. LAWRENCE P. ZATKOFF |
|  | U.S. DISTRICT COURT JUDGE |